**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Sean Davis (AZ Bar #030754)
seand@phillipsdayeslaw.com
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZIONA

| | |
|---|---|
| Yosor Altabtabaee; Stacey Crayton; Sandra De La Cruz; Katina Gilley; Audrey Gonzales; Esau Juarez; Brooke Mallory; Jazmyn Reese; Tammy Robinson; Brandi Vinson; Courtney Yancy; Gladys Youna;<br><br>Plaintiffs,<br><br>vs.<br><br>The Brow Lady, LLC, an Arizona Limited Liability Company; The Brow Lady USA, LLC, an Arizona Limited Liability Company; Eric and Jane Doe Bowman; Nidelka Mayers and John Doe Mayers; and Violet Hayes and John Doe Hayes<br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs allege:

### **NATURE OF THE CASE**

1.      Plaintiffs seek to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and *inter alia*  A.R.S. §12-341.01.

2.     Plaintiffs alternatively bring this claim under the Fair Labor Standards Act ("FLSA"). The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

3.     Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

4.     For at least one (1) year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.     Plaintiffs also bring this action against Defendant for unlawful failure to pay overtime wages and minimum wage in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA).

6.     Defendants also failed to compensate Plaintiffs at an hourly rate of at least minimum wage, in direct violation of the FLSA.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

8.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9.      The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10.     At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

11.     At all times material hereto, Plaintiffs worked for both The Brow Lady and The Brow Lady USA, performing duties for both LLC's. For purposes of this Complaint, when "The Brow Lady" is mentioned, that is a reference to both The Brow Lady LLC and The Brow Lady USA LLC.

12.     Defendant The Brow Lady USA, LLC is incorporated in the State of Arizona with its principle place of business at 7007 East 5th Avenue, Scottsdale, Arizona 85251.

13.     Defendant The Brow Lady, LLC is incorporated in the State of Arizona with its principle place of business at 7007 East 5th Avenue, Scottsdale, Arizona 85251.

14.     Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Eric and Jane Doe Bowman, Nidelka Mayers, and Violet Hayes were and are the owners of The Brow Lady and made all managerial decisions for the corporate defendants.

15.     Defendants Eric and Jane Doe Bowman, Nidelka Mayers, and Violet Hayes exerted financial and operative control over The Brow Lady.

16.     Upon information and belief, at all times material hereto, Defendants Eric and Jane Doe Bowman, Nidelka Mayers, and Violet Hayes were and are residents of Maricopa County, Arizona.

17.     Eric and Jane Doe Bowman have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

18.     Nidelka Mayers and John Doe Mayers have caused events to take place giving rise to this Complaint as to which her marital community is fully liable.

19.     Violet Hayes and John Doe Hayes have caused events to take place giving rise to this Complaint as to which her marital community is fully liable.

20.     At all relevant times, Plaintiffs were "employees" of The Brow Lady as defined by 29 U.S.C. §203(e)(1).

21.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to The Brow Lady.

22.     At all relevant times, The Brow Lady was and continues to be an employer as defined in 29 U.S.C. § 203(d).

23.     On information and belief, Defendants Eric and Jane Doe Bowman, Nidelka Mayers, and Violet Hayes are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with the Corporate Defendants for all matters.

24.     At all times material to this action, The Brow Lady was and is an enterprise

engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

25.     Upon information and belief, at all relevant times, the annual gross revenue of The Brow Lady exceeded $500,000.00.

## FACTUAL BACKGROUND

26.     The Brow Lady operates a beauty salon in Maricopa County, Arizona.

27.     Plaintiff Altabtabaee was hired by The Brow Lady in approximately May 2014 as a non-exempt, hourly paid, receptionist.

28.     Plaintiff Altabtabaee's responsibilities included greeting customers, scheduling appointments, and answering the phone.

29.     Plaintiff Crayton was hired by The Brow Lady in approximately June 2014 as a non-exempt esthetician.

30.     Plaintiff De La Cruz was hired by The Brow Lady in approximately February 2014 as a non-exempt esthetician.

31.     Plaintiff Gilley was hired by The Brow Lady in approximately May 2014 as a non-exempt esthetician.

32.     Plaintiff Gonzales was hired by The Brow Lady in approximately October 2013 as a as non-exempt esthetician.

33.     Plaintiff Juarez was hired by The Brow Lady in approximately June 2014 as a non-exempt massage therapist.

34.     Plaintiff Mallory was hired by The Brow Lady in approximately May 2014 as a as non-exempt esthetician.

35.     Plaintiff Reese was hired by The Brow Lady in approximately February 2014 as a non-exempt hourly paid receptionist and make-up artist.

36.     Plaintiff Robinson was hired by The Brow Lady in approximately July 2013 as a non-exempt make-up specialist.

37.     Plaintiff Vinson was hired by The Brow Lady in approximately July 2013 as a non-exempt esthetician.

38.     Plaintiff Yancy was hired by The Brow Lady in approximately June 2011 as a non-exempt esthetician.

39.     Plaintiff Youna was hired by The Brow Lady in approximately March 2014 non-exempt esthetician.

40.     Plaintiff Altabtabaee was paid an hourly rate of $9.50 per hour plus tips and a commission on goods and services sold.

41.     Plaintiff Crayton was paid was paid an hourly rate of $10 per hour plus tips and a commission on goods and services sold.

42.     Plaintiff De La Cruz was paid was paid an hourly rate of $9.50 per hour plus tips and a commission on goods and services sold.

43.     Plaintiff Gonzales was paid a salary of $250 each week plus tips.

44.     Plaintiff Gonzales was a non-exempt employee and should have been paid an hourly rate.  She was not a manager. She did not supervise employees and did not have hiring or firing ability.

45.     Plaintiff Gonzales was not exempt under the Administrative Exemption to the FLSA.

46.    Plaintiff Gilley was paid a salary of $720 each week, plus tips and commissions on goods and services sold.

47.    Plaintiff Gilley was a non-exempt employee.  She was not a manager. She did not supervise employees and did not have hiring or firing ability.

48.    Plaintiff Gilley was not exempt under the Administrative Exemption to the FLSA.

49.    Commissions were not paid to Plaintiff Gilley and as such Plaintiff Gilley was never an exempt employee under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i).

50.    Plaintiff Juarez was paid a salary of $300 each week plus tips.

51.    Plaintiff Juarez was a non-exempt employee and should have been paid an hourly rate.  He was not a manager. He did not supervise employees and did not have hiring or firing ability.

52.    Plaintiff Juarez was not exempt under the Administrative Exemption to the FLSA.

53.    Plaintiff Mallory was to be tips and a commission on goods and services sold.

54.    Commissions were not paid to Plaintiff Mallory and as such Plaintiff Mallory was never an exempt employee under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i).

55.    Plaintiff Reese was to be paid an hourly rate of $10 per hour.

56.    Plaintiff Robinson was paid a weekly salary and paid a commission on sales.

57.    Plaintiff Robinson was a non-exempt employee.  She was not a manager. She did

not supervise employees and did not have hiring or firing ability.

58.     Plaintiff Robinson was not exempt under the Administrative Exemption to the FLSA.

59.     Commissions were not paid to Plaintiff Robinson and as such Plaintiff Robinson was never an exempt employee under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i).

60.     Plaintiff Vinson was paid a weekly salary and paid a commission on sales.

61.     Plaintiff Vinson was a non-exempt employee.  She was not a manager. She did not supervise employees and did not have hiring or firing ability.

62.     Plaintiff Vinson was not exempt under the Administrative Exemption to the FLSA.

63.     Commissions were not paid to Plaintiff Vinson and as such Plaintiff Vinson was never an exempt employee under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i).

64.     Plaintiff Yancy was paid solely on commission.

65.     Plaintiff Yancy was a non-exempt employee.  She was not a manager. She did not supervise employees and did not have hiring or firing ability.

66.     Plaintiff Yancy was not exempt under the Administrative Exemption to the FLSA.

67.     Commissions were not paid to Plaintiff Yancy and as such Plaintiff Yancy was never an exempt employee under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i).

68.    Plaintiff Youna was to be paid an hourly rate of $12 per hour plus tips.

69.    Plaintiffs regularly worked for Defendants and earned less than minimum wage during those hours worked.

70.    Defendants misclassified the salaried employees as exempt employees and failed to pay hourly employees their overtime hours.

71.    Plaintiffs attempted on multiple occasions to receive their overtime and commission compensation.

72.    Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful as Plaintiffs complained about this policy on multiple occasions with no action being taken by Defendants.

73.    Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

74.    Defendants failed to keep proper time records in violation of the FLSA.

75.    Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**
**FAILURE TO PAY WAGES**

76.    Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

77.    Upon information and belief, Defendants failed to pay Plaintiffs "wages" (as that term is defined by A.R.S. § 23-350) in the amounts that are owed.

78.    Plaintiff Altabtabaee never received her hourly wages for May and June of 2014.

79.     Plaintiff Crayton never received her hourly wages for June of 2014 and Defendants withheld her tips.

80.     Plaintiff De La Cruz never received her hourly wages for May and June of 2014 Defendants withheld her tips.

81.     Plaintiff Gonzales never received her wages for May and June of 2014.

82.     Plaintiff Gilley never received her wages for May and June of 2014 and Defendants withheld her tips and did not pay her the commissions she earned.

83.     Plaintiff Juarez never received his wages for June of 2014 and Defendants withheld his tips.

84.     Plaintiff Mallory never received her wages for June of 2014 and Defendants withheld her tips and did not pay her the commissions she earned..

85.     Plaintiff Reese never received her hourly wages for May and June 2014.

86.     Plaintiff Robinson never received her wages for May and June of 2014 and Defendants withheld her tips and did not pay her the commissions she earned.

87.     Plaintiff Vinson never received her wages for May and June of 2014 and Defendants withheld her tips and did not pay her the commissions she earned.

88.     Defendants withheld Plaintiff Yancy's tips and did not pay her the commissions she earned.

89.     Plaintiff Youna never received her hourly wages for May and June of 2014 and Defendants withheld her tips.

90.     Upon information and belief, Defendants' failure to pay Plaintiffs said wages was willful, unreasonable, and in bad faith.

91.     Defendants did not rely on a good faith dispute in not paying Plaintiffs their

1  wages.

2      92.     Pursuant to A.R.S. § 23-355, Plaintiffs are entitled to an award of treble the

3  amount calculated above.

4      93.     Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiffs are entitled to an award of

5  their attorneys' fees and costs incurred in this action.

6      WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor

7  against Defendants:

8          a.  Awarding Plaintiffs regular compensation in the amount due to them for all of

9              commissions that they were not compensated for.

10         b.  Awarding Plaintiffs treble the amount calculated pursuant to the preceding

11             paragraph.

12         c.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the

13             litigation pursuant to A.R.S. § 12-341.01.

14         d.  For Plaintiffs' costs incurred in this action.

15         e.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all

16             amounts set forth in subsections (a) and (b) above from the date of the

17             payment due for that pay period until paid in full.

18         f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all

19             awards from the date of such award until paid in full.

20         g.  Ordering any other and further relief as the Court deems just and proper

21
22                              **COUNT TWO**
                  **VIOLATION OF FAIR LABOR STANDARDS ACT §206**

23     94.     Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth

24  herein.

25

95.     Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

96.     Whether through the above-enumerated policies or otherwise, Defendants willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

97.     Plaintiffs are entitled to collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

98.     Plaintiffs have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a.  Awarding Plaintiffs compensation in the amount due to them for unpaid minimum wages in an amount proved at trial;

    b.  Awarding Plaintiffs liquidated damages in an amount equal to the award;

    c.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.  For Plaintiffs' costs incurred in this action;

    e.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.   Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.   For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

99.   Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

100.   While employed by Defendant, Plaintiffs consistently and regularly worked overtime.

101.   Defendants misclassified Plaintiffs Gonzales, Gilley, Juarez, Robinson, Vinson, and Yancy as salaried or commissioned employees when they should have been paid an hourly rate and paid overtime for hours worked over 40.

102.   Plaintiffs Altabtabaee, Crayton, De La Cruz, Mallory, Reese, Youna were properly classified as non-exempt, hourly employees but Defendants did not pay Plaintiffs time and one had their hourly rate for hours worked above 40 in a work week.

103.   Plaintiffs were never exempt employees under the Employees Paid Commissions By Retail Establishments who are exempt under section 7(i)

104.   Plaintiffs were non-exempt employees.  They were not managers. They did not supervise employees and did not have hiring or firing ability.

105.   Plaintiffs were not exempt under the Administrative Exemption to the FLSA.

106.   Defendants have intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

107.    As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

108.    Under 29 U.S.C. §216 Defendants are liable to Plaintiffs for an amount equal to one and one-half  times his regular pay rate for each hour of overtime worked per week.

109.    In addition to the amount of unpaid wages owed to Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

110.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

111.    Defendants have not made a good faith effort to comply with the FLSA.

112.    Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a.  Awarding Plaintiffs overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiffs' regular rate while at work for Defendants;

    b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c.  Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.  For Plaintiffs' costs incurred in this action;

e.  Awarding Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs' post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## DECLARTORY JUDGMENT

113.    Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

114.    Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

115.    The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

116.    Plaintiffs may obtain declaratory relief.

117.    Defendant employed Plaintiffs.

118.    Defendant is an enterprise covered by the FLSA.

119.    Plaintiffs are individually covered by the FLSA.

120.    Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

121.    Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

122.    Plaintiffs is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

123.    Defendant did not rely on a good faith defense in its failure to abide by the

provisions of the FLSA and failure to pay overtime compensation.

124.   It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

125.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor against Defendants:

    a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    b.   For Plaintiffs' costs incurred in this action.

    c.   Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    d.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees  hereby requests that upon trial of this

action, all issues be submitted to and determined by a jury except those issues expressly

reserved by law for determination by the Court.

Dated:  June 23, 2014                          Respectfully submitted,

                                               **PHILLIPS DAYES LAW GROUP PC**
                                               _____/s/ Trey Dayes_____
                                               Trey Dayes
                                               treyd@phillipsdayeslaw.com
                                               Attorney for Plaintiffs